## IN THE UNITED STATES DISTRICT COURT OF KANSAS

| | |
|---|---|
| Donna Huffman as agent and representative of Jane Doe | ) |
|     Plaintiff, | ) |
| v. | ) **Case No. 17-2250** |
| State of Kansas Department of Children and Families f.k.a., | ) |
| The Kansas Department of Social and Rehabilitation Services, | ) |
| The Secretary of the Kansas Department of Children | ) |
| and Families Phyllis Gilmore, Brian Dempsey, | ) |
| Matthew Boddington, State of Kansas Office of Administrative | ) |
| Hearings, Director of OAH Bob Corkins, Sharon Weidmaier, | ) |
| Robert Tomlinson, | ) |
| (each in their personal and official capacities), | ) |
|     Defendants. | |

### COMPLAINT

**Comes Now,** Donna Huffman as agent and representative of Jane Doe with her complaint under 42 USC §1983 for violation of Jane Doe's civil rights to Due Process and Equal Protection Under the Law and the Kansas Tort Claims Act, K.S.A. 75-6103.

### JURISDICTION and VENUE

1. The district court has original jurisdiction as to all civil actions arising under the Constitution and laws of the United States as conferred by 28 U.S.C. §1341.

2. The district court has jurisdiction pursuant 28 U.S.C. §1343(a)(1-4) as the action is for recover damages arising from injury to her person and property arising from deprivation of rights and privileges of a citizen of the United States.

3. Jane Doe is a citizen of the United States of America entitled to protections and civil rights under the Constitution of the United States of America.

1

4. Kansas state law applies to this case as the Defendant State and by the acts giving rise to the case and controversy occurring in the State of Kansas.

5. Jane Doe is entitled to reach back to recover for all conduct and damages as at the time of the first cause of action accrued was a minor therefore brings this action timely pursuant K.S.A. 60-515 within a year of turning 18 years of age.

6. Jurisdiction is proper in this Court.

## DESIGNATION OF PLACE OF TRIAL

7. Plaintiff designates Kansas City Kansas as place of trial.

## OVERVIEW OF THE CASE

The Plaintiff was a young child when subjected to physical abuse by her father who was a prominent State of Kansas official. The Agency not only failed in their duties, but began defending the abuser rather than the child abuse victim.

In doing so the Agency and individuals named in the suit, began to make material misrepresentations, omit evidence, manufacture evidence, hide records, and deprive the Plaintiff the benefits of a court order in 2005 that ordered a due process fair hearing. After the State of Kansas lost the fair hearing they took specific acts designed to deprive the Plaintiff of her due process rights with named individuals acting or failing to act to accomplish that purpose.

The goal of the Agency was to protect their own State of Kansas Official and specifically to thwart the purpose of the Agency acting contrary to the laws of the United States and Kansas.

Over more than a dozen years of delay while Plaintiff's mom fought for her protection and enforcement of the Court Orders in her favor, Plaintiff was a repeat victim of abuse and suffered foreseeable damages. Every time the child won the State would just appeal to itself

which resulted in no due process defacto a citizen, even as in this case with a court order, still must have the permission of the State of Kansas to keep the benefit of the rulings against the same state Agency.

The Agency engaged in acts that rise to Outrage in ignoring court orders, the law, and any standard of civilized society while wantonly disregarding truth and safety of the child. Engaging in obstruction until the child, just a toddler at the time aged out.

## FACTS

8. Jane Doe was physically abused by her father in 2001. Although the physical abuse was substantiated, SRS abandoned the substantiation by the act and decision of Brian Dempsey who had negligently taken the word of the father's attorney that mom wished not to cooperate so they dropped the action without contacting the mother and with no change in facts rather only based on untrue statement which was also not a basis at law for the decision.

9. The father was a prominent Kansas State official who would move up during the ranks to an Assistant Bureau Chief during the time relevant to the controversy.

10. Other events occurred in the meantime, but in 2005 the physical abuse was again reported by a medical professional. The treating physician stated:

**"These bruises could only have been caused by someone using significantly excessive force in a spanking and this type of injury represents child abuse in any definition that I know of."**

11. By this time Law Enforcement Departments in two different counties and Dr. Parr were concerned for the child's safety.

12. On July 11, 2005, SRS mailed a "Notice of Departmental Finding" to appellant stating that SRS had found the allegation that the minor child had been physically abused was "unsubstantiated." The Notice further stated that a finding of "unsubstantiated" means either that

"there is evidence that the maltreatment did not occur" or that "there is not enough evidence, using the standard of clear and convincing, that a reasonable person would conclude that it did occur."

13. SRS[1] had no discretion in negotiating away the substantiated abuse finding in favor of a "safety plan" to keep the child 100% safe.

14. On July 26, 2005, a timely Request for Administrative Hearing was timely filed.

15. On August 5, 2005, SRS provided its summary as required by K.A.R. §30-7-75. The notice provided the basis of SRS's decision as, "There is not clear and convincing evidence of imminent risk of serious harm." This was neither the standard or the real basis for agency decision as required under the Kansas Administrative Regulations. In fact, the Agency created a new Basis of Decision for the purpose of the appeal.

16. SRS filed a motion to dismiss on August 18, 2005. On September 6, 2005 the response was filed.

17. The next day, on September 7, 2005, the request for hearing was denied.

18. On September 23, 2005, the Petition for Rehearing was denied. On November 21, 2005, the SAC entered an order affirming the Hearing Officer's dismissal for Request for Hearing. (Vol. VIII, 0071-0074),

## THE COURT ORDER FOR A FAIR HEARING

19. On December 22, 2005, mom made a timely filing for Judicial Review of Agency Actions pursuant K.S.A. §77-601 et seq.

20. The district court judge granted mom's petition for Plaintiff finding appellant had standing therefore a due process right to a fair hearing and entered an Order of Remand finding against SRS and ordering the Office of Administrative Hearings to provide a fair hearing. In the same the Court found that the child had an interest in her safety and that due process demanded

---

[1] Now DCF however used in the form that the Agency was at the time of the acts being described.

reasonable time and manner.

21.     More than a decade of obstruction then followed as SRS fought the child and defended the State of Kansas official.

22.     SRS then made multiple unsuccessful attempts to derail the fair hearing.

23.     **The Hearing Officer found the photograph of appellate represented serious injury**. "This photograph here shows serious injury, serious bruising.  This is not inconsequential.  If you prove to me by clear and convincing evidence, as the standard is, as you know, that $(X)^2$ caused these injuries to this child, I will be entering a substantiated finding against him that he is a danger to children…"

24.     The child was the prevailing party yet the State appealed to itself for which the Secretary of SRS without findings nor review of the actual evidence reversed the evidentiary decision of the hearing officer.

25.     The State Agency hid documents and memorandums in addition to violating the Kansas Open Records Act when refusing to provide access to evidence.

26.     Plaintiff was the prevailing party in a KORA action of which named defendants played "hot potato", although not paying court costs or awarded fees to next friend of Plaintiff continued to withhold information and deny access to records they were ordered to find.

## COUNT I

## VIOLATIONS OF 42 USC 1983

27.     The forgoing facts are incorporated as though fully set forth herin this Count and subsequent Counts by reference.

---

[2] Name omitted.

28. The Defendants engaged in acts of misconduct violating statutes, regulations, court orders, and any standard expected by a civilized society to deprive Plaintiff of her protected interest in her safety, property, and due course of justice through due process in a reasonable time and reasonable manner contrary to the Fourteenth Amendment of the United States Constitution.

29. Further the Defendants engaged in acts of misconduct to deprive Plaintiff of her rights under the First Amendment of the United States Constitution.

30. The Defendants in violating 42 USC 1983 caused compensable damage to Plaintiff.

## COUNT II

## TORTS

31. The forgoing facts are incorporated as though fully set forth herein this Count and subsequent Counts by reference.

32. The Defendants had statutory and common law duties by undertaking and specific court order.

33. The Defendants breached their duties to provide a due process fair hearing in a reasonable time and manner by taking steps to deprive the Plaintiff of the benefit of the hearing.

34. Further by utilizing deceptive means including intentional and/or negligent misrepresentations by omission and statements which were known or should have been known to be untrue.

35. The acts and failure to act caused foreseeable damage to the Plaintiff.

## DEMAND FOR TRIAL BY JURY

**WHEREFORE** the Plaintiff seeks the maximum relief allowed by law including compensatory and punitive damages; costs, expenses, and attorney fees in an amount in excess of $75,000; and any other relief this Court deems just and necessary.

        **Respectfully submitted,**

        **THE LAW OFFICE OF**
          **DONNA L.**
          **HUFFMAN**

        By:/ s/ Donna L. Huffman
          Donna L. Huffman (KS 23324)
          PO Box 1
          303 Jefferson Street
          Oskaloosa, KS 66066
          Ph: (785) 840-5259
          Fax: (785) 863-3377 ATTORNEY FOR PLAINTIFF