**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| DONNA HUFFMAN as agent and representative of<br>JANE DOE<br><br>          Plaintiff,<br><br>vs.<br><br>STATE OF KANSAS DEPARTMENT OF CHILDREN<br>AND FAMILIES f.k.a. THE KANSAS DEPARTMENT<br>OF SOCIAL AND REHABILITATION SERVICES, *et al.*<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)    Case No. 17-2250-JTM-GEB<br>)<br>)<br>)<br>)<br>)<br>) |

<u>**KANSAS OFFICE OF ADMINISTRATIVE HEARINGS DEFENDANTS'**</u>
<u>**MEMORANDUM OF LAW**</u>
<u>**IN SUPPORT OF MOTION TO DISMISS**</u>

      Defendants Kansas Office of Administrative Hearings, Bob Corkins (OAH Director), Robert Tomlinson (former OAH Director) and Sharon Weidmaier (former OAH Office Manager) [all collectively OAH Defendants] submit this Memorandum of Law in Support of their Motion to Dismiss.

      OAH Defendants, pursuant to FRCP 12(c) join, adopt, and incorporate by reference the Motion to Dismiss (Doc. 5) and Memorandum in Support thereof (Doc. 6) filed by the Department of Children and Family Defendants [DCF Defendants]. What has already been well said by DCF Defendants' counsel, need not be repeated by here. Additional explanation of the issues raised by DCF Defendants is provided below as necessary to apply those issues to OAH Defendants. OAH Defendants raise three additional issues, capacity to sue, absolute judicial

immunity, and that the Court should decline supplemental jurisdiction over state law causes of action.

## ADDITONAL EXPLANATION OF FACTS

OAH Defendants adopt and incorporate DCF Defendants' "Procedural Posture" as set forth in DCF Defendants Memorandum, page 2.

Donna Huffman, an attorney, has filed this action "as agent and representative of Jane Doe under 42 U.S.C. §1983. As noted by DCF Defendants, while Huffman does not identify her relationship to Jane Doe, upon information and belief, Jane Doe appears to be "L.E.H.," Donna Huffman's daughter. This is apparent to everyone familiar with the lengthy state legal proceedings that preceded this case. *See L.E.H. ex. Rel. D.L.H. v. Kansas Dept. of Social Rehabilitation*, No. 111,576, 2015 WL 5036725, at *10 (Kan. App., 2015).

Attached to this Memorandum as Exhibit 1 is a certified copy of an order from the Shawnee County district court proceedings that eventually led up to the Kansas Court of Appeals decision cited above. On the first page it identifies the L.E.H. as being seven years old on May 21, 2005, meaning she was born in the year 1998. L.E.H. is 19 years old now.

## LEGAL STANDARDS

OAH Defendants adopt and incorporate by reference the legal standards set forth in the DCF Defendants Memorandum, pages 3 to 5.

## ARGUMENT AND AUTHORITIES

### I.     Donna Huffman May Not Proceed as Next of Friend for Jane Doe.

FRCP 17(a)(1) provides in relevant part: "An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought: ... a guardian." Huffman does not allege that she has

been appointed Jane Doe's guardian or state grounds for such appointment. Huffman's Complaint makes clear that she is proceeding on behalf of Jane Doe, but that Jane Doe is the Plaintiff. On the second page, she states "… Plaintiff's mom fought for her protection…" On the fourth page, paragraph 20, she states "The district court judge granted mom's petition for Plaintiff…" Huffman, then, is apparently proceeding as next of friend for Jane Doe and Jane Doe is the real party in interest because Jane Doe is the party who is alleged to have, by the substantive law, the right sought to be enforced. *See e.g., Torkelson v. Bank of Horton,* 208 Kan. 267, 270 (1971); *Webb v. Paccar Leasing Co.,* No. 4:09cv211, 2009 WL 1703207, at *1 (E.D.Tex. June 18, 2009), *rec. adopted,* 2009 WL 1812446 (E.D.Tex. June 23, 2009).

FRCP 17(c) provides in relevant part: "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem…" FRCP 17(b) states that capacity to sue is determined by state law. Pursuant to Kansas law, K.S.A. 38-101, "The period of minority extends in all persons to the age of eighteen (18) years… shall be considered of the age of majority in all matters relating… the capacity to sue and be sued."

If Jane Doe is L.E.H., Jane Doe is over the age of 17 and Donna Huffman may not proceed on her behalf as next of friend. FRCP 17(a)(3) provides: "(3) *Joinder of the Real Party in Interest.* The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Such objection is hereby made. Donna Huffman needs to either explain that Jane Doe is not L.E.H., or if Jane Doe is L.E.H., Donna Huffman needs to withdraw as next of friend, and Jane Doe must be the Plaintiff on Jane Doe's own behalf.

If Jane Doe elects to proceed as Plaintiff, Jane Doe should not be allowed to do so anonymously. In *Femedeer v. Haun*, 227 F.3d 1244, 1247 (10th Cir. 2000), the Tenth Circuit stated:

> Proceeding under a pseudonym in federal court is, by all accounts, "an unusual procedure." *M.M. v. Zavaras,* 139 F.3d 798, 800 (10th Cir.1998) (quotation omitted). Moreover, there does not appear to be any specific statute or rule supporting the practice. *See id.* To the contrary, the Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties, *see* Fed.R.Civ.P. 10(a), and Rule 17(a) specifically states that "[e]very action shall be prosecuted in the name of the real party in interest." Fed.R.Civ.P. 17(a).
>
> Nevertheless, we have recognized that there may be exceptional circumstances warranting some form of anonymity in judicial proceedings. As the Eleventh Circuit has explained:
>
>> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.
>
> *Doe v. Frank,* 951 F.2d 320, 324 (11th Cir.1992). We have held that it is proper to weigh the public interest in determining whether some form of anonymity is warranted. *See Zavaras,* 139 F.3d at 802–03.

If Jane Doe is L.E.H., there are no allegations in this case or in the state cases of such a highly personal nature that Jane Doe should be permitted to proceed anonymously as an adult. This is not an exceptional case and in addition to the public's right to know about legal proceedings, Defendants have an interest in proceeding with a named plaintiff so that in any subsequent suits, Defendants may raise res judicata and collateral estoppel as defenses.

## II.     The *Rooker-Feldman* Doctrine Precludes Subject Matter Jurisdiction.

OAH Defendants adopt and incorporate by reference DCF Defendants' arguments concerning the *Rooker-Feldman* doctrine as set forth in their Memorandum pages 5 to 9.

III.    **OAH and OAH Employees Sued in Their Official Capacities are Entitled to Eleventh Amendment Immunity from Suits for Money Damages.**

OAH Defendants adopt and incorporate by reference DCF Defendants' arguments concerning Eleventh Amendment Immunity as set forth in their Memorandum pages 9 to 10. OAH is an independent agency of the State of Kansas. *See* K.S.A. 77-561. As such, OAH is entitled to Eleventh Amendment Immunity, just as is DCF. OAH employees Corkins, Tomlinson, and Weidmaier are entitled to Eleventh Amendment Immunity in their official capacities, just as are DCF employees.

IV.    **Jane Doe's 42 U.S.C. §1983 Claim Against Each Defendant in His/Her Individual Capacity is Barred by the Statute of Repose.**

OAH Defendants adopt and incorporate by reference DCF Defendants' arguments that Jane Doe's action is barred by the Statute of Repose as set forth in their Memorandum pages 10 to 11.

V.    **OAH Defendants Are Entitled to Dismissal as Jane Doe's Complaint Fails to State a Claim for Relief Under 42 U.S.C. § 1983 or the Kansas Tort Claims Act.**

OAH Defendants adopt and incorporate by reference DCF Defendants' arguments that Jane Doe's Complaint fails to allege any constitutional violation or actionable wrongdoing, as set forth in their Memorandum pages 11 to 13.

Other than to list Corkins, Tomlinson, and Weidmaier as defendants, Jane Doe's Complaint contains no allegations against them. In the Complaint's "Overview of the Case," Jane Doe makes over-generalized, collective allegations against "the Agency and individuals named in the suit...." (Doc. 1, p. 2.) But the best that can be said about Jane Does' allegations against the OAH defendants is that Jane Doe disagrees with the orders issued by OAH, orders

ultimately affirmed by the Kansas Court of Appeals. Jane Doe alleges there was no "basis" for the agency's decision. (Doc. 1, p. 4.) Jane Doe does not even allege who the hearing officer was.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). A court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted). In *Banks v. Geary Cty. Dist. Court*, 645 Fed. App'x 713, 716 (10th Cir. 2016)(citations omitted) the court stated that "it is particularly important in a § 1983 case brought against a number of government actors sued in their individual capacity that the complaint make clear exactly who is alleged to have done what to whom as distinguished from collective allegations."

There is reason for this rule. Defendants need to know what they are alleged to have done so that they can present a defense. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008). In the present case, OAH Defendants attempt to assert the defenses of absolute judicial immunity and qualified immunity. But asserting these affirmative defenses would make more sense if defendants knew what they were alleged to have done.

**VI.    OAH Defendants Are Entitled to Qualified Immunity.**

OAH Defendants adopt and incorporate by reference DCF Defendants' arguments concerning qualified immunity as set forth in their Memorandum pages 14.

Where a defendant asserts a qualified-immunity defense, the burden shifts to the plaintiff to submit sufficient evidence showing (1) the violation of a constitutional right that (2) was

clearly established at the time of the violation. *Koch v. City of Del City*, 660 F.3d 1228, 1238 (10th Cir. 2011). Courts may decide which of these prongs to address first, and a plaintiff's failure to address either is fatal to a plaintiff's claim. *See Thomson v. Salt Lake Cty.*, 584 F.3d 1304, 1312 n.2 (10th Cir. 2009). To meet the "heavy, two-part burden" necessary to overcome a qualified-immunity defense, a plaintiff must allege facts sufficient to show a constitutional violation, and those facts must find support from admissible evidence in the record. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015) (internal quotation marks omitted).

As has been previously noted, Jane Doe has not alleged facts demonstrating a violation of Jane Doe's constitutional rights.

The brevity of the discussion of this issue and its placement in the Memorandum should not be taken by the Court as an indication that it's a throw-away issue. Rather, given the lack of factual allegations, it is impossible to say meaningfully more about this issue.

**VII.   OAH Defendants Are Entitled to Absolute Judicial Immunity.**

Judicial immunity extends to administrative hearing officers. See *Cleavinger v. Saxner,* 474 U.S. 193, 200 (1985) (extending absolute immunity to federal hearing examiners and administrative law judges); *Tinner v. Foster*, No. 11-2695-EFM-KGG, 2012 WL 1473417, at *4 (D. Kan. Apr. 27, 2012); *Collins v. McClain*, 207 F.Supp.2d 1260, 1262 (D.Kan.2002) (judicial immunity extended to administrative hearing officers); *Hunt v. Lamb*, 2006 WL 2726808, *3 (D.Kan., Sept. 22, 2006) (same), appeal dismissed, 220 Fed.Appx. 887 (10th Cir., Apr. 4, 2007).

The Office of Administrative Hearings provides presiding officers for State of Kansas administrative hearings, especially those under the Kansas Administrative Procedures Act. *See* K.S.A. 77-514. OAH and its employees are entitled to absolute judicial immunity.

As to state law claims, judicial immunity, long-established law in Kansas common law, is now codified in the Kansas Tort Claims Act at K.S.A. 2016 Supp. 75-6104(b). *See e.g.*, Smith v. State, 264 Kan. 348, 361 (1998). OAH Defendants are entitled to have Jane Doe's state law claims dismissed because they are protected from damage claims by the Kansas Tort Claims Act's judicial function exception.

**VIII.   The Court Should Decline Supplemental Jurisdiction over Jane Doe's State Law Causes of Action.**

This Court could either decline to exercise jurisdiction over Jane Doe's state law causes of action, *see e.g., United States v. Botefuhr,* 309 F.3d 1263, 1273 (10th Cir. 2002), or dismiss them in their entirety. In this situation, there is no compelling reason not to dismiss them rather than decline jurisdiction because the legal issues are so straightforward, Jane Doe fails to allege any wrongful conduct and OAH Defendants are protected by judicial immunity.

<u>**CONCLUSION**</u>

OAH Defendants move this Court to dismiss Jane Doe's Complaint and to dismiss it with prejudice. It is worth noting here that Jane Doe is not proceeding *pro se*. The Complaint is signed by Donna L. Huffman (a licensed Kansas attorney) as "attorney for plaintiff."[1] (Doc. 1, p. 7.) Any attempt at amendment by Huffman or Jane Doe would be futile. The basis of Jane Doe's Complaint is disagreement with orders issued by OAH and ultimately affirmed by the Kansas Court of Appeals. As is explained above and in DCF Defendants' Memorandum, this Court is without jurisdiction to review OAH's decision; that was the job of the Kansas state courts, and their rulings are final.

---

[1] The Tenth Circuit recently affirmed an award of Rule 11 sanctions in the form of attorneys fees against Huffman for bringing a suit barred by res judicata and statute of limitations. *See Clemmons v. Wells Fargo Bank, N.A.,* No. 14-4020-JTM, 2015 WL 1242651, at *1 (D. Kan. Mar. 18, 2015), aff'd, 680 F. App'x 754 (10th Cir. 2017).

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

s/ Stephen Phillips
Stephen Phillips, KS Sup. Ct. No. 14130
Assistant Attorney General
Memorial Bldg., 2nd Floor
120 SW 10th Avenue
Topeka, Kansas 66612-1597
Tel:  (785) 296-2215; Fax:  (785) 291-3767
Email:  steve.phillips@ag.ks.gov
*Attorney for Defendants* Office of Administrative
Hearings, Bob Corkins, Robert Tomlinson, and
Sharon Weidmaier

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all those individuals currently electronically registered with the Court, and that on this same date, I mailed the foregoing *via* first class U.S. Mail, postage prepaid, addressed to:

s/ Stephen Phillips
Stephen Phillips
Assistant Attorney General