IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

L.E.H.,

      Plaintiff,

v.                                                                                          Case No. 17-2250-JTM

STATE OF KANSAS DEPARTMENT OF
CHILDREN AND FAMILIES, *fka The Kansas
Department of Social and Rehabilitative Services;
et al.*,

      Defendants.

### MEMORANDUM AND ORDER

Plaintiff L.E.H. contends that in 2005, when she was seven years old, she suffered physical abuse at the hands of her father in the form of a spanking. That allegation wound its way through a series of administrative and court proceedings in the State of Kansas, culminating in a 2015 judgment of the Kansas Court of Appeals that the allegation of abuse was unsubstantiated. *L.E.H. v. Kansas Dept. of Social and Rehab. Svcs.*, 2015 WL 5036725 (Kan. Ct. App., Aug. 21, 2015), *review denied* (Dec. 14, 2015).

Plaintiff's First Amended Complaint (Dkt. 15) alleges claims under 42 U.S.C. §§ 1983 and 1985 against the State of Kansas and several state officials involved in plaintiff's prior administrative and court proceedings. It also asserts claims for negligence and violation of the Kansas Consumer Protection Act. There are several pending motions to dismiss by defendants, including one motion which argues the court lacks jurisdiction

because plaintiff has not brought the action in her real name, but rather under the pseudonym L.E.H. (Dkt. 21).

The federal rules do not sanction the use of a pseudonym to conceal a plaintiff's real name. *Doe 1 v. Unif. School Dist. 331*, No. 11-1351-KHV, 2013 WL 1624823, at *1 (D. Kan. Apr. 15, 2013). The practice is contrary to Fed. R. Civ. P. 10(a), which requires a complaint to "name all the parties," and to Fed. R. Civ. P. 17(a), which requires that an action "be prosecuted in the name of the real party in interest." In exceptional circumstances courts have permitted a plaintiff to proceed under a pseudonym where disclosure of the plaintiff's name would implicate significant privacy interests or threats of physical harm. *Doe 1*, 2013 WL 1624823 at *1 (citing *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)). Significantly, however, the Tenth Circuit has held that "[a]bsent permission by the district court to proceed anonymously, and under such conditions as the court may impose (such as requiring disclosure of their true identity under seal), the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them." *Nat'l Commodity*, 886 F.2d at 1245.

"To proceed under a pseudonym, a plaintiff must typically show that disclosure of her identity in the public record 'would reveal highly sensitive and personal information that would result in social stigma or the threat of real and imminent physical harm.'" *Id.* (citing *Raiser v. BYU*, No. 04-4025, 127 F. App'x 409, 411 (10th Cir. 2005). Moreover, proceeding under a pseudonym "is an unusual procedure which should be allowed only where an important privacy interest must be recognized." *Id.* (citing *M.M.*

*v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998)). In exercising its discretion, the court must determine whether a plaintiff's interest in privacy outweighs the public interest in access to open court proceedings. As Judge Vratil noted in *Doe 1*, most of the cases permitting a pseudonym have involved matters such as abortion, birth control, and welfare prosecutions involving abandoned children, whereas plaintiffs alleging matters like sexual harassment have generally not been allowed to proceed anonymously. *Id*. In *Doe 1*, two plaintiffs who alleged they were sexually harassed and battered by a teacher when they were minors were not allowed to proceed under pseudonyms.

Plaintiff's response to this argument (Dkt. 32 at 4-7) is difficult to decipher and appears to be based on inapplicable Kansas (rather than federal) provisions. Plaintiff has also belatedly filed a motion to proceed pseudonymously, which argues the Kansas courts have already determined that plaintiff has a privacy interest that warrants proceeding pseudonymously and that the public "has no interest in knowing the identity of the party particularly where the defendants are named." (Dkt. 38 at 2).

Plaintiff's privacy argument is unconvincing. Plaintiff had a legitimate privacy interest in the state litigation involving adjudication of a claim of abuse that occurred when she was a minor. Even so, the allegations in that matter were not particularly scandalous or likely to result in social stigma. Nothing is cited to show that revelation of plaintiff's identity would be particularly troubling or damaging to plaintiff at this point, given that she is now an adult. Moreover, this action alleges wrongdoing and seeks money damages from a number of state officials. As noted in *Doe 1*:

> [l]awsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.

*Doe 1*, 2013 WL 1624823, at *2 (citing *M.M. v. Zavaras*, 139 F.3d at 803). Plaintiff's privacy interest in this action is significantly outweighed by the public interest in knowing the details of the claims, including plaintiff's identity. Her request to proceed pseudonymously will therefore be denied.

Because Tenth Circuit case law indicates the failure to proceed in plaintiff's true name, if not cured, is a jurisdiction defect, the court will grant plaintiff leave until March 20, 2018, to file an amended complaint that substitutes plaintiff in her real name as the party in interest.

**IT IS THEREFORE ORDERED** this 12th day of March, 2018, that defendants' Motion to Dismiss (Dkt. 21) is TAKEN UNDER ADVISEMENT. Plaintiff is granted until March 20, 2018, to file an amended complaint that substitutes her real name as the party in interest. If no such complaint is filed by that date, the action will be dismissed for lack of jurisdiction.

                                                             ___s/ J. Thomas Marten_____
                                                             J. THOMAS MARTEN, JUDGE